JOCELYN BURTON, SBN 135879
JOEL MOON, SBN 290470
BURTON EMPLOYMENT LAW
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
e-mail: jburton@burtonemploymentlaw.com
e-mail: jmoon@burtonemploymentlaw.com

Attorneys for Plaintiff
Olen A. Henry

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEN A. HENRY,<br><br>        Plaintiff,<br><br>  vs.<br><br>HCA HEALTH SERVICES OF CALIFORNIA, INC. d/b/a REGIONAL MEDICAL CENTER OF SAN JOSE,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Olen A. Henry respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff Olen A. Henry brings this action for monetary damages and injunctive relief pursuant to Title VII of the Civil Rights Act of 1964 as amended effective January 29, 2009, 42 U.S.C. § 2000*e et seq.*(hereinafter Title VII); and the California Fair Employment and Housing Act ("FEHA"), California Gov't Code § 12940 et seq.. Plaintiff seeks redress for injuries he has sustained as a result

of Defendant's unlawful employment discrimination against Plaintiff on the basis of his race and sex and retaliation for engaging in protected activity.

**JURISDICTION**

1. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5 to enforce the provisions of the Civil Rights Act of 1964, as amended effective January 29, 2009 (42 U.S.C. § 2000e *et seq.*) and conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, and under the Declaratory Judgment Statute, 28 U.S.C. § 2201.

2. This Court has supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1367. Plaintiffs' claims pursuant to the FEHA, Cal. Gov't Code §§ 12940(a), 12920, and California Public Policy are related, as all of Plaintiffs' claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience and fairness to the parties.

4. The Court has the authority to grant declaratory relief pursuant to 42 U.S.C. § 2000e-5(f) & (g).

**INTRADISTRICT ASSIGNMENT AND VENUE**

5. Venue is proper in the district as the unlawful employment practices occurred in San Jose, California. 28 U.S.C. § 1391(b)(2), 42 U.S.C. § 2002e-5(f)(3).

**THE PARTIES**

6. At all times relevant to this Complaint, Plaintiff Olen A. Henry (hereinafter "Henry") was employed by Defendant HCA Health Services of California, Inc. d/b/a Regional Medical Center of San Jose (hereinafter "RMC") as an Assistant Department Manager of the Observation, Medical Surgical Oncology and Dialysis Unit (hereinafter "Assistant Manager") at the RMC hospital facility in San Jose, California.

7. At all times relevant to this Complaint, Defendant RMC was a health care organization operating and existing under the laws of the State of California.

8. At all times relevant to this Complaint, Defendant is an employer covered by Title VII of the Civil Rights Act of 1964, as amended effective January 29, 2009 and California FEHA in that it is engaged in an industry affecting interstate commerce and employs at least 15 full or part-time employees for each working day of each of 20 or more calendar weeks in the current or preceding year.

**FACTUAL ALLEGATIONS**

9. Plaintiff Henry was employed by Defendant RMC as an Assistant Manager from February 2012 until approximately June, 2013. Plaintiff Henry is an African American male.

10. During his employment by Defendant RMC, Plaintiff Henry's co-workers and supervisors subjected him to on-going discrimination based on his race and sex.

11. During his employment by Defendant RMC, Plaintiff Henry's co-workers subjected him to discrimination in the form of racist and sexist stereotypes and comments regarding African Americans and/or male nurses. Defendant RMC's supervisors informed Plaintiff Henry that Plaintiff's subordinates did not like taking instruction from him and did not follow his directions

because of his African American race. Plaintiff Henry's supervisors witnessed and condoned such discrimination and failed to take reasonable steps to correct or prevent such conduct.

12. During his employment by Defendant RMC, Plaintiff's supervisors informed him that he would be better off working for a predominately Black staffed hospital than with Defendant RMC.

13. Plaintiff Henry attempted to implement a permanent change in regard to RMC staff operations that was vehemently opposed. Plaintiff Henry was subsequently informed by RMC staff that they sought his termination and would "get rid of him," through union negotiations of the RMC staff's collective bargaining agreement. One nursing supervisor told Plaintiff Henry that he would never follow his instructions and forcefully removed Plaintiff from his office.

14. Defendant RMC's upper management and Plaintiff's supervisors informed Plaintiff that he was not a good fit due to the RMC staff's response to his efforts to implement changes. Plaintiff Henry attempted to require his staff to follow federal laws and RMC policies and procedures.

15. Plaintiff Henry repeatedly spoke out and complained about the race and sex discrimination he was subjected to by Defendant RMC's supervisors, Plaintiff's subordinates, and other RMC staff.

16. In response, Defendant RMC began retaliating against Plaintiff Henry by placing him on administrative leave in response to a baseless hostile work environment claim and by alleging that Plaintiff had anger management issues.

17. On or around June 2013, Plaintiff was terminated from his employment with RMC.

18. Plaintiff has exhausted his administrative remedies and has filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on or around December 12, 2013.

COMPLAINT FOR DAMAGES, Henry v. Regional Medical Center of San Jose
4

19. On or around March 18, 2014, the EEOC issued a Notice of Right to Sue to Plaintiff Henry.

**CAUSES OF ACTION**

<u>FIRST CAUSE OF ACTION</u>
Discrimination on the Basis of Race and Sex
(Title VII of the Civil Rights Act of 1964, as amended effective January 20, 2009,
42 U.S.C. § 2000e *et seq.*)
(Against Defendant RMC)

20. Plaintiff Henry incorporates the allegations of Paragraphs 1 through 19 by reference.

21. This is a claim for race and sex discrimination in employment brought pursuant to Title VII of the Civil Rights Act of 1964.

22. Plaintiff Henry is a member of a protected class.

23. Plaintiff Henry was treated less favorably than other employees because of his race and sex.

24. Plaintiff Henry was terminated because of his race and sex and/or Plaintiff Henry believes that his race and sex was a motivating factor in Defendant RMC's decision to terminate his employment in violation of 42 U.S.C. § 2000e-2.

25. Plaintiff Henry suffered discrimination from Defendant RMC because of his race and sex.

26. Plaintiff Henry has suffered and continues to suffer economic and emotional distress damages resulting from the race and sex discrimination.

27. Plaintiff Henry has incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

WHEREFORE, Plaintiff Henry prays for relief and judgment as hereinafter set forth.

<u>SECOND CAUSE OF ACTION</u>
Discrimination on the Basis of Race and Sex

(California Government Code § 12940)
(Against Defendant RMC)

28. Plaintiff Henry incorporates the allegations of Paragraph 1 through 27 by reference.

29. This is a claim for race and sex discrimination in employment brought pursuant to FEHA.

30. Plaintiff Henry is a member of a protected class.

31. Plaintiff Henry was treated less favorably than other employees because of his race and sex.

32. Plaintiff Henry was terminated because of his race and sex and/or Plaintiff Henry believes that his race and sex was a motivating factor in Defendant RMC's decision to terminate his employment in violation of California Government Code § 12940(a).

33. Plaintiff Henry suffered discrimination from Defendant RMC because of his race and sex.

34. Plaintiff Henry has suffered and continues to suffer economic and emotional distress damages resulting from the race and sex discrimination.

35. Plaintiff Henry has incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

WHEREFORE, Plaintiff Henry prays for relief and judgment as hereinafter set forth.

THIRD CAUSE OF ACTION
Retaliation
(Title VII of the Civil Rights Act of 1964, as amended effective January 20, 2009,
42 U.S.C. § 2000e *et seq.*)
(Against Defendant RMC)

36. Plaintiff Henry incorporates the allegations of Paragraphs 1 through 35 by reference.

37. Plaintiff Henry engaged in activity protected by Title VII when he repeatedly spoke out and complained to his supervisors about the race and sex discrimination he was subjected to by Defendant RMC's supervisors, Plaintiff's subordinates, and other RMC staff.

38. Defendant RMC and its agents knew of Plaintiff Henry's protected activity and retaliated against him because of his protected activity. After Defendant RMC learned of Plaintiff Henry's protected activities, it took adverse actions against him because of his protected activity, including but not limited to: subjecting him to unwarranted administrative leave, baselessly alleging anger management issues, and terminating his employment.

39. Plaintiff Henry has suffered and continues to suffer economic and emotional distress damages resulting from the retaliation.

40. Plaintiff Henry has incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

WHEREFORE, Plaintiff Henry prays for relief and judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION
Retaliation
(Government Code § 12940(h))
(Against Defendant RMC)

41. Plaintiff Henry incorporates the allegations of Paragraphs 1 through 40 by reference.

42. Plaintiff Henry engaged in activity protected by FEHA when he repeatedly spoke out and complained to his supervisors about the race and sex discrimination he was subjected to by Defendant RMC's supervisors, Plaintiff's subordinates, and other RMC staff.

43. Defendant RMC and its agents knew of Plaintiff Henry's protected activity and retaliated against him because of his protected activity. After Defendant RMC learned of Plaintiff Henry's protected activities, it took adverse actions against him because of his protected activity,

including but not limited to: subjecting him to unwarranted administrative leave, baselessly alleging anger management issues, and terminating his employment.

44. Plaintiff Henry has suffered and continues to suffer economic and emotional distress damages resulting from the retaliation.

45. Plaintiff Henry has incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

WHEREFORE, Plaintiff Henry prays for relief and judgment as hereinafter set forth.

FIFTH CAUSE OF ACTION
(Wrongful Termination in Violation of Public Policy)
(Against Defendant RMC)

46. Plaintiff Henry incorporates the allegations of Paragraph 1 through 45 by reference.

47. Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield Company* (1980) 27 Cal.3d 167 and *Rojo v. Kliger* (1990) 52 Cal.3d 65.

48. Under California law, there is a fundamental and well-established public policy prohibiting discrimination against employees on the basis of their race or sex. Said public policy is embodied in the Constitution of the state of California and in California statutes, particularly California Government Code § 12920.

49. Plaintiff Henry was terminated because of his race and sex and/or Plaintiff Henry believes that his race and sex was a motivating factor in Defendant RMC's decision to terminate his employment in violation of California Government Code § 12920.

50. Defendant RMC was aware of the discrimination and allowed the discrimination to continue by failing to investigate, stop or prevent incidents of race and sex discrimination directed at Plaintiff Henry. Plaintiff's supervisors even gave Plaintiff notice of the discrimination without remedying the discriminatory conduct.

51. Because of Defendant RMC's wrongful termination in violation of public policy, Plaintiff Henry suffered economic and emotional distress damages.

52. In doing the acts alleged herein, Defendant RMC acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff Henry, and Plaintiff is therefore entitled to punitive damages according to proof at trial.

WHEREFORE, Plaintiff Henry prays for relief and judgment as hereinafter set forth.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Henry respectfully requests that this Court assume jurisdiction in this entire matter and:

1. Grant a declaratory judgment that Defendant RMC violated the laws of the United States and the State of California;

2. For a monetary judgment representing compensatory damages including lost wages, earnings, employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

3. For a monetary judgment for mental pain, anguish, future wage loss and emotional distress, according to proof;

4. For a monetary judgment for punitive damages for the Defendant's intentional discriminatory practices made with malice and/or with reckless disregard pursuant to 42 U.S.C. § 2000e-5, 42. U.S.C. 1981a, and in violation of California Public Policy;

4. For the costs of suit and attorney's fees including attorney's fees pursuant to 42 U.S.C. § 2000e-5 and California Government Code § 12965;

5. For prejudgment and post judgment interest; and

6. For any further relief that is just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: June 13, 2014                                Respectfully submitted,

                                                    BURTON EMPLOYMENT LAW

                                                    By:  //ss// Jocelyn Burton
                                                           Jocelyn Burton
                                                           Attorney for Plaintiff
                                                           OLEN A. HENRY