1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   OLEN A. HENRY,                          Case No.  5:14-cv-02762 HRL

13              Plaintiff,                    **ORDER CONDITIONALLY
                                             GRANTING MOTION TO WITHDRAW
14         v.                                 AS PLAINTIFF'S COUNSEL OF
                                             RECORD**
15   SAN JOSE HEALTHCARE SYSTEM, LP
     d/b/a REGIOINAL MEDICAL CENTER OF       [Re:  Dkt. 27]
16   SAN JOSE,

17              Defendant.

18         Now before the court is Burton Employment Law's motion for permission to withdraw as

19   counsel of record for plaintiff Olen Henry.  The papers presented indicate that the motion duly was

20   served on Mr. Henry and defendant.  The court has received no opposition to the motion, and the

21   time for submitting any opposition or response has passed.  The matter is deemed suitable for

22   determination without oral argument, and the January 27, 2015 hearing is vacated.  Civ. L.R. 7-

23   1(b).  Having considered the moving papers, the court conditionally grants the motion as follows:

24         "Counsel may not withdraw from an action until relieved by order of Court after written

25   notice has been given reasonably in advance to the client and to all other parties who have

26   appeared in the case."  Civ. L.R. 11-5(a).  "In the Northern District of California, the conduct of

27   counsel is governed by the standards of professional conduct required of members of the State Bar

28   of California, including the Rules of Professional Conduct of the State Bar of California."  Hill

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Design Group v. Wang, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec. 11, 2006)

2   (citing Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383, 1387 (N.D.

3   Cal.1992)).  Those standards provide that an attorney may seek permission to withdraw if, among

4   other things, the client's conduct renders it unreasonably difficult for the attorney to represent the

5   client effectively or if the client breaches an agreement or obligation with respect to the payment

6   of fees.  Id. (citing Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d),(f)).

7            Burton Employment Law says that plaintiff breached an agreement as to the payment of

8   expenses and has made it unreasonably difficult for the firm to carry out its employment

9   effectively.  As discussed, no one has filed an opposition to the requested withdrawal.  And, in

10  view of the current case schedule, no party will be seriously prejudiced if the motion is granted.

11  Accordingly, the court grants the motion to withdraw, subject to the condition that papers may

12  continue to be served on counsel for forwarding purposes, unless and until plaintiff appears by

13  other counsel or pro se.  Civ. L.R. 11-5(b).

14           **SO ORDERED**.

15  Dated:  January 21, 2015

16  _____

17  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

2

5:14-cv-02762-HRL Notice has been electronically mailed to:

Allison Vasquez Saunders     asaunders@fordharrison.com, mgarner@fordharrison.com

Angela S. Fontana     afontana@fordharrison.com, asaunders@fordharrison.com, mgarner@fordharrison.com

Jocelyn Burton     jburton@burtonemploymentlaw.com, jmoon@burtonemploymentlaw.com

Joel Moon     joelmoon3@gmail.com, jmoon@burtonemploymentlaw.com